The next case on our calendar for argument this morning is number 20-2200, The One Technologies v. Amazon.com. Mr. Randolph? Mr. Randolph, are you there? Actually, I don't see him. Mr. Randolph, we cannot see or hear you. Does the clerk of court have any information about Mr. Randolph's whereabouts? Yes, she's right here. I see you. Mr. Randolph, we can see you now. I'm sorry. Okay, the district court's decision states that the plaintiff fails to allege in non-conclusory fashion that Amazon.com Inc. committed tortious conduct or that Amazon.com Inc. derives substantial revenue from interstate or international commerce. The appellant disagrees and asserts that it has alleged in non-conclusory fashion that Amazon.com Inc. has committed tortious conduct by knowingly profiting from sales on the Amazon website by its affiliate, Amazon.com Services, using the appellant's U.S. trademark without the appellant's permission. Mr. Randolph, could you pause for a minute, please? This is Judge Blarney. I'd really like to have you focus on personal jurisdiction over the defendants, please. I take it you do not contend that either of the two Amazon defendants is subject to general personal jurisdiction in New York, right? Because they are organized and their principal place of business is elsewhere. Is that right? Well, but for Amazon.com Services, they have offices in Manhattan and they did at the time that I filed the complaint. But the standard for general jurisdiction is more demanding than that. It's where's the headquarters, where are they incorporated or where are they otherwise at? Well, then you're correct. It's based on the other. That's right. So based on specific jurisdiction. Yes. And then we have to look at the New York long arm statute to examine what tortious conduct the defendant conducted in the jurisdiction in which you have filed. And I didn't see tortious conduct identified in the complaint in the Southern District of New York where you have filed this suit. Could you point me what is there that you're thinking of? Well, we said that they had offices there and they're selling on the Internet. But don't you have to connect the product? We do say that. We say that they were selling the product. Well, they're selling the product in New York. But those two offices in Southern District that you're relying on for venue purposes have to have some relation to. We don't know that. Yes, that's something that the appellees could have given that information, but we didn't have a chance to get that information as to what that office actually did. I know, but you have to establish at least a prima facie case. I'm sorry, I didn't hear. Don't you need that? Rather than simply say that if someone has an office, I would assume that the office is dealing with the things that Amazon does. Amazon.com services, they're the ones who manage the Amazon website. And if they have an office, I would expect that that office does work for the company. Why else would they rent it? You need to state a prima facie case, though, that their actual conduct in the district is connected in a specific way, not just a generic way. We did say that they were selling on the website. And by selling on the website, the website is something that is a worldwide. It goes worldwide on any computer or telephone that somebody has. And certainly in this state, in this district, people have telephones and computers and the website will have they have access to it. And therefore, they are selling in this district effectively. But that would mean there'd be universal. And that's a place that doesn't have an ability for a website. That's right. But that is the definition of a website. I mean, that's not the law, Mr. Randolph, right? Well, but it's a fact. And I think the fact the law looks at facts. And could I clarify one thing? Also, am I right that at this point, based on your notice of appeal and the amended complaint, there are only two defendants and appellees Amazon.com Inc. and Amazon.com services LLC. That is correct. Is that correct? So the others? Okay. Okay. Okay. And with regard to venue, the law requires that there be, you know, residents that there that the company be, first of all, either all defendants have to be residents of the state in which the district is located, or a substantial part of the events, giving rise to the claim occurred in the district, or that there's kind of no other option here. And I didn't see how you satisfied any of those. This is in Section 1391 of Title 28. Could you expand on what you were relying on for venue in the Southern District of New York? Yes. Yes. I'm relying on venue. Again, I'm relying on the offices that are that are in Manhattan. And again, also, on the fact that Amazon sells on a website, and therefore, it would be selling in this district. So once again, you'd be you'd be saying that venue against Amazon, because Amazon is everywhere, would be proper in any district. Amazon, you're talking about Amazon.com, Inc. I'm talking about both of them, actually. Because Amazon, all defendants, well, Amazon.com, Inc. knew that its affiliate Amazon.com services was selling a counterfeit product around the world, and was notified directly through email. And that email was confirmed by another person within Amazon that it was received by by Jeff Bezos. And he did not use his power and his authority to stop Amazon.com services, Inc. from selling on the internet, which was selling in New York. Okay. I think we have the arguments reserved two minutes of rebuttal. We'll hear from counsel for your honor. I haven't gotten to the main point, which is the business solutions agreement. Okay, why don't you go ahead and take take two minutes? Excuse me, Mr. Shapiro. Of course, the jurisdictional and venue come before we get to arbitration, because if there's no jurisdiction, it is questionable about whether one can rule on the arbitration clause. But why don't you just take a minute or two and talk about your views about the arbitration agreement? Okay. The paragraph 18 of the BSA states, in relation to sellers located in the United States, provides that in the event of any dispute with Amazon or its affiliates, or claim relating in any way to this agreement, we both consent that any such dispute or claim will be resolved by bonding arbitration, rather than in court. The appellant's point is that paragraph four of the BSA, which addresses, among other things, Amazon's use of a seller's trademark, relates to Amazon working with an for Amazon. It makes no sense to interpret paragraph four as permission by the seller to grant Amazon the right to compete with the seller, using the seller's own trademark, violating both US trademark and copyright laws, and effectively putting the seller out of business. Well, all that's well and good. All that's well and good. But the agreement says that if there are disputes, you go to arbitration, or in the event that you meet one of the carve outs for court in Washington state, state or federal. Well, but first of all, I want to say that it says in any way relating to the BSA, this particular matter does not relate to the BSA. The BSA does not deal with people who are using people's trademarks to compete with the seller. But rather, in this case, they did it to compete with a seller. But according to the BSA, their role is to help the seller by using the trademark, for example, that that the Okay, but but the agreement itself contemplates situations in which there's going to be a suit to enjoin infringement or other misuse of intellectual property. That's exactly what you're describing, right? Yeah, but that's only in connection with a reasonable use of In other words, they have to use they can use their property to help You know, Amazon sell. That's what there's to help to help my know the the appellant sell, but there is no it makes no sense to feel to say that if somebody is cheating and using There's no way to read the BSA to say that it includes somebody that's selling counterfeit So there's no way it gives the right for them to sell a counterfeit product. So if there's nothing in there that says or even indicates that they can sell a counterfeit product and put the appellate the appellant out of business, then it doesn't apply and it has to go into court. Not everything is covered by the BSA. That is our argument here. Okay, thank you very much. I think we have your argument and we'll hear from Amazon. Okay. Good morning, your honors and may it please the court. Good morning. Jeff Roth for the Amazon appellees. Three points and obviously feel free to jump in and focus me where you'd like to go. First, there's no personal jurisdiction over defendant Amazon.com Inc. Second, for that reason, and for other reasons, venue over this action is not proper in the Southern District of New York, where it was filed. And third, even if jurisdiction and venue were proper, the parties agreed that this dispute, in fact, any dispute between the parties must be submitted to an arbitrator, rather than litigated in court. Mr. Shaffer, I just ask you on that last point, I just want to follow up on what Judge Carney mentioned earlier. It's my understanding of our prior case law that we can't skip. We can't say even assuming arguendo, there's personal jurisdiction, this would be subject to arbitration. Isn't that the case? We have to decide the personal jurisdiction question, right? I agree with you completely, your honor. Yes, if there's no jurisdiction, then there can be no authoritative statement from the court on the matter. Thanks. Can I ask a question? Did you move for sanctions in the district court? We did not move for sanctions in the district court, no. So, jurisdiction over Amazon.com Inc. The only argument, as we just heard there, is for specific jurisdiction. Of course, specific jurisdiction, even if we assume that the New York long arm statute were met, under the due process clause, exercise of specific jurisdiction requires that one text claims arise out of or relate to minimum contacts Amazon.com Inc. had with the state of New York. Here, there is no allegation or argument that Amazon.com Inc. committed any case-related act with any connection to New York. The only argument that I heard or that I saw in the papers was that because One Tech's counsel in Washington, D.C. emailed Jeff Bezos in Seattle, alleging generally that there had been non-genuine One Tech product offered on www.amazon.com, that there should somehow be specific jurisdiction in New York. If you look at those emails that are referenced at the joint appendix 88 through 100, there's zero reference to New York anywhere in there. So, I don't think that argument gets them any kind of jurisdiction over Amazon.com in New York. Moving to venue, that last point, there being no specific jurisdiction over Amazon.com Inc. anywhere in the state of New York should be dispositive for the venue question, too, because section 1391b1 sets forth two requirements. First of those, when you have multiple defendants in the case, is that all defendants be residents of New York. Here, .com Inc., not a resident of New York, no specific jurisdiction, that should be dispositive. There's also a second requirement under 1391b1, which is that at least one defendant must be a resident of the Southern District. That requirement is also not met here. There's no defendant who may be deemed a resident of the Southern District of New York. Under 1391d, a corporate defendant may be deemed a resident of a judicial district only if, quote, its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate state. For Amazon.com Services, LLC, the only argument that I heard there for any Southern District connection is that it has offices in Manhattan. As a couple of your honors pointed out, there doesn't seem to be any allegation linking those offices to anything having to do with this case. And I believe I heard Mr. Randolph say an argument that the appellant doesn't know what those offices are for and is just assuming that they must have something to do with sales of this specific product on the internet. First of all, there's no allegation that says anything about that in the complaint. Second, even if there were, if it's based on this type of assumption about what offices might be doing, that's clearly not sufficient under the pleading standards. I believe that the plaintiff pointed out also that I think it's Services, Inc. is registered with the New York Department of State to do business here and is kind of more engaged in the sales activities. Does that change the analysis at all? It shouldn't. I was not clear what effect the appellant thought that that statement had. That statement also, I don't believe, is in the complaint. It's certainly not sufficient, as your honors pointed out, to give rise to general jurisdiction, which is where I thought the appellant might be going with that statement. You've got to look to the headquarters and principal place of business for that, which is in New York for either appellee. But the position under the venue statute, because of the presence of Amazon.com, they could not even bring this, they could not even file this suit in the Eastern District of New York, because they, right? Am I misunderstanding what you're arguing? No, you're correct. And even if they had filed in the Eastern District, only against Services, LLC, then we run into the arbitration clause problem. All right. Just for general information, when a customer of Amazon who sells through Amazon has a complaint, I guess your first position was that that's subject to arbitration in any event. But to the extent it's not subject to arbitration, they need to go to Washington State, generally? That's correct. If they meet that carve out of asserting a claim for an injunction, which was not the case here. Thank you. I guess, I mean, I guess the point Mr. Randolph makes, if we ever get there, I don't think we do. But he's suggesting that the sale of counterfeits is different from the agreement. In other words, if I make something, I have no agreement with Amazon, and I find out that Amazon is facilitating the sale of counterfeits, I don't need to go to arbitration. I get to go straight to court, wherever I think I have venue and personal jurisdiction and subject matter, you know, that sort of stuff. But is there something about the agreement that suggests that counterfeit claims made by somebody who has an arrangement with Amazon to sell the authentic item have to go to arbitration? Yes. I mean, just the arbitration clause itself, which states that any dispute, as soon as you sign on to the arbitration agreement, any dispute you have with Amazon or its affiliates has to go to arbitration. This is a dispute. I take your point that if you had in the absence of the agreement, just someone saying, hey, I've got nothing to do with Amazon, and it looks like they're selling counterfeits to my product. Of course, that person is not bound by this arbitration clause, does not have to go to arbitration. Why does that distinction make sense? Well, without getting too into the weeds, it is by virtue of signing this agreement, which obviously contains a whole lot more than just an arbitration clause, that this product of the appellee shows up on amazon.com. And once you have a page from which that product can be sold, Amazon is open to other sellers of that product. The allegation here was that one of these other sellers was selling counterfeit through that same page. That page would not exist absent this business solutions agreement, which also contains the arbitration clause. So I think it makes sense that in that situation where you do have this agreement, you're being shunted to arbitration, whereas if you had no relationship whatsoever with Amazon, you obviously would not be obligated to go to an arbitrator with your dispute. And unless there are any further questions, I thank you all. Thank you very much. Mr. Randolph, you have two minutes for rebuttal. Well, when the attorney for the appellees continues to talk about the BSA, basically says that anything that you're dealing with related to in any way to what my point is, is that this does not selling counterfeit goods does not relate in any way to the BSA. And I don't see how it could be. It's just, why would they write in any way? They didn't even need that when they wrote this in the contract. So when they say relates in any way, it means that they understand the writer of the contract understands there could be situations where it's not in any way. And if this one isn't one of those situations, I don't understand what could be. That's it. All right. Thank you very much. I think we have the arguments. We will reserve decision. That concludes our calendar oral arguments today. We have one case on submission, number 203642, Walker versus HSBC Bank. And we will reserve decision on that case. The clerk will please adjourn court. Court is adjourned.